**Juan Antonio ESCARENO, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 08–70985.

United States Court of Appeals, Ninth Circuit.

Submitted July 29, 2009.*

Filed July 30, 2009.

Gabriela Kreutzer, Esquire, Principal Litigation Counsel, Los Angeles, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Leah V. Durant, Esquire, Francis William Fraser, I, Esquire, Senior Litigation Counsel, OIL, Stacy Stiffel Paddack, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

MEMORANDUM **

Juan Antonio Escareno, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") order denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *See Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Escareno failed to establish exceptional and extremely unusual hardship. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Escareno's contentions that the BIA failed to consider the hardship evidence cumulatively and disregarded its own precedent are not supported by the record and do not amount to colorable due process claims. *See id.*; *see also Mendez–Castro v. Mukasey,* 552 F.3d 975, 980 (9th Cir. 2009).

Escareno contends the IJ violated due process by excluding certain evidence regarding his son's medical condition. Contrary to Escareno's contention, the proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (citation omitted). Moreover, Escareno failed to demonstrate that the additional evidence would have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge).

To the extent petitioners contend the IJ should have granted a continuance, they do not point to anywhere in the record where they requested a continuance.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.